UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MINA ATTIA

                         Plaintiff,

v.

SERJIO DIARBI and SARKIS DIARBI

                        Defendants.

---

**MEMORANDUM AND ORDER ADOPTING REPORT AND RECOMMENDATION**

25-cv-03883 (LDH) (RML)

---

LASHANN DEARCY HALL, United States District Judge:

Mina Attia ("Plaintiff") commenced the instant action against Serjio Diarbi and Sarkis Diarbi ("Defendants") asserting claims of defamation and unjust enrichment under Florida state law.[1]

## BACKGROUND

The Court assumes the parties' general familiarity with this litigation and recites only the facts relevant to the consideration of the report and recommendation (the "R&R").

Plaintiff, a Florida resident, commenced the instant action on June 5, 2025, in the state trial court for Miami-Dade County, Florida. (*See* Compl., ECF No. 1-1.) According to the Complaint, Defendant Serge Diarbi resides in Georgia and Defendant Sarkis Diarbi resides in New York. (Id. ¶¶ 2, 3.) On July 11, 2025, Defendants removed the case to this Court. (See Notice of Removal, ECF No. 1.) Thereafter, Plaintiff moved to remand the case to Florida state court on the ground that Defendants improperly removed it to this Court. (Pl.'s Mot. Remand, ECF No. 5; Pl.'s Mem. L. Supp. Pl.'s Mot. Remand ("Pl.'s Mem."), ECF No. 6.) Defendants

---

[1] For the purposes of clarity, the Court's refers to the parties in both the body of this memorandum and order and the citations herein by each parties' initial status at the commencement of this action, rather than referring to Plaintiff as "Counterclaim-Defendant Plaintiff" and Defendant as "Counterclaim-Plaintiff Defendant."

1

oppose Plaintiff's motion on the grounds that, as a general matter, removal to federal court was proper. (Def.'s Mem. Opp'n Pl.'s Mot. Remand ("Def's Mem.") at 9, ECF No. 8.) That said, Defendants concede that this action was removed to the Eastern District of New York in error but maintain that this Court should retain venue over this action. (*Id.* at 9-11.) Specifically, Defendants argue that "this Court should retain [venue] over [this] case in the interest of justice and convenience of the parties and witnesses." (*Id.* at 12.) The Court subsequently referred Plaintiff's motion to remand to Magistrate Judge Robert M. Levy. (Order, Aug. 19, 2025.)

On November 4, 2025, Judge Levy issued a report and recommendation (the "R&R") recommending that Plaintiff's motion for remand to Florida state court be denied and, instead, that this action be transferred to the Southern District of Florida. (*See* R&R at 6-7.) Judge Levy predicated his recommendation of transfer on his finding that the Southern District of Florida is the district court that "embraces" this matter as well as his finding that "removal to the Eastern District of New York was improper in the first instance." (*Id.* at 7.) Judge Levy further noted that Plaintiff is a Florida resident who chose to commence this case in Florida and explained that, generally, courts give "significant deference" to Plaintiff's choice of forum.[2] (*Id.*)

On November 18, 2025, Defendants filed a timely objection to the R&R seeking to halt the Court from transferring this case to the Southern District of Florida. (Defs.' Obj., ECF No. 15.) By their objection, Defendants argue that Judge Levy improperly found that a plaintiff's choice of forum should be given significant deference, essentially arguing that "greater consideration should be given to the conveniences of the parties and witnesses." (Defs.' Obj. at 2.) In addition, Defendants appear to argue that Judge Levy erred in his finding that the

---

[2] In addition, although not formally moved for, Judge Levy recommends denying Plaintiff's request for sanctions against Defendants for improperly removing this case to the Eastern District of New York. (*Id.* at 7.)

2

pertinent facts giving rise to Plaintiff's claims occurred in the Southern District of Florida. (*See id.* at 3.)

## STANDARD OF REVIEW

When deciding whether to adopt a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court conducts a de novo review of those portions of a report and recommendation to which a party submits a timely objection. 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "the district court 'need only satisfy itself that there is no clear error on the face of the record." *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001)).

## DISCUSSION

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Here, neither party objects to the R&R's finding that a remand to state court would be improper and that imposing sanctions against Defendants is unwarranted at this time.[3] (*See* R&R at 4, 7) In addition, neither party objects to the R&R's finding that this action was removed to the wrong federal district court from the state trial court for Miami-Dade County. (R&R at 6-7; *see also* Not. Removal, ECF No. 1.)

Nonetheless, Defendants argue that the Court should reject the R&R's recommendation to transfer this action to the Southern District of Florida under § 1404(a). (Defs.' Obj. at 2-3.) According to Defendants, this is because the R&R erred in the second step of the Court's

---

[3] Having reviewed the R&R for clear error with respect to these findings and, concluding they are free of error, the Court adopts both findings as the findings of the Court.

3

analysis under § 1404(a) by: (1) giving impermissible deference to Plaintiff's choice of forum; (2) not adequately considering whether keeping venue in the Eastern District of New York would serve the convenience of witnesses; and (3) failing to adequately determine the locus of operative facts.[4] (Defs.' Obj. at 2-3.) Defendants are wrong.

Where, as here, an action was originally brought in state court and then was removed to a federal district court, proper venue is governed by "the removal statute"—28 U.S.C. § 1441— "and not the ordinary federal venue statute." *PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998) (internal citation omitted) (citing *Polizzi*, 345 U.S. at 665-66); *Donellan v. Ferag, Inc.*, No. 97 CV 6700, 1999 WL 33111, at *1 (E.D.N.Y. Jan. 22, 1999) (stating same) *Freeman v. Farr*, No. 24-CV-6880 (AMD)(PK), 2025 WL 3754080, at *2 (E.D.N.Y. Dec. 29, 2025) (same). Generally, under 28 U.S.C. § 1441(a), "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Section 1441(a) has long been interpreted as "expressly provid[ing] that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'" *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953). As such, the typical "remedy for an inappropriate removal under Section 1441(a) is transfer to the correct federal court." *J.S. Held, LLC v. Malesardi*, No. 25-CV-04053, 2025 WL 2108550, at *1 (E.D.N.Y. July 28, 2025) (internal quotation marks and citation omitted) (collecting cases); *ACD Direct, Inc. v. Pacifica Foundatoin, Inc.*, No. 24-CV-1040, 2024 WL 2001179, at *1 (E.D.N.Y. Apr. 16, 2024) (collecting cases); *Cardona v. Mohabir*, No. 14 CIV.

---

[4] The Court reviews Defendants' objection de novo. *See* Fed. R. Civ. P. 72(b)(3).

1596, 2014 WL 1804793, at *2 (S.D.N.Y. May 6, 2014) ("The procedural limitation on removal to districts other than the district embracing the place where the state court action is pending was not slipped into the law books while otherwise attentive counsel was nodding.  The requirement was set forth in the Judiciary Act of 1789 (at section 12) . . . .").

Against this backdrop, it is plain to the Court that, notwithstanding Defendants' objection, the R&R correctly recommended to transfer this action to the Southern District of Florida.  (*See* R&R at 5-7.)  Indeed, § 1441(a) compels this result.  *See Polizzi*, 345 U.S. at 666.  Putting that aside, however, retaining venue of this action in the Eastern District of New York would not, as Defendants argue, be justified under § 1404(a).  At the first step of the Court's analysis under § 1404(a), "it must first determine whether venue would be proper" in the sought after district.  *Prosperum Cap. Partners LLC v. NHC Food Co. Inc.*, No. 21 CIV. 7974, 2022 WL 134881, at *4 (S.D.N.Y. Jan. 13, 2022) (internal quotation and citation omitted); *Blechman*, 668 F. Supp. 2d at 403.  Defendants argue venue is proper in this district because the "locus of operative facts" are here.  (Defs.' Obj. at 3.)  However, they fail to appreciate that, because Plaintiff initially brought this action in state court, proper venue is not determined by the "locus of operative facts" but is instead determined, pursuant to § 1441(a), by the district or division "embracing" the action from which it was removed.  *See PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d at 72 (internal citation omitted) (citing *Polizzi*, 345 U.S. at 665-66).  As such, Defendants request that the Court retain venue of this action under § 1404(a) is without merit.

Based on the foregoing, the Court rejects the R&R's rationale to the extent it recommended transfer of this action under § 1404(a).  That said, the Court hereby adopts the R&R's determination that this action should be transferred to the Southern District of Florida.

**CONCLUSION**

For the foregoing reasons, the R&R is ADOPTED in part and REJECTED in part.

SO ORDERED.

Dated: Brooklyn, New York
      March 31, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge